**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:17cr38-MHT** |
| | ) | **(WO)** |
| **REINIER PEREZ-RIVES** | ) | |

**OPINION AND ORDER**

This case is currently before the court on the government's renewed motion for a psychiatric examination of defendant Reinier Perez-Rives for purposes of sentencing. For the reasons that follow, the motion will be granted to the extent that the government will be given the opportunity to have Dr. Kale Kirkland perform a local evaluation of Perez-Rives.

**I. Background**

Perez-Rives pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit wire fraud, *see* 18 U.S.C. § 1349, and one count of aiding

and abetting aggravated identity theft, *see* 18 U.S.C. §§ 1028A and 2.

At his sentencing hearing, Perez-Rives moved for a downward variance based in part on his contention that his mental-illness and substance-abuse disorders contributed to his offense conduct. In response, the government moved for its own psychiatric evaluation, to be conducted at a Bureau of Prisons (BOP) facility. The court found that ordering such an evaluation was in the interest of fairness, but that the government had not carried its burden to warrant an inpatient evaluation at the BOP. *See United States v. Perez-Rives*, No. 2:17cr38-MHT, 2018 WL 1315450 (M.D. Ala. Mar. 14, 2018) (Thompson, J.). Accordingly, the court granted the motion, albeit only to the extent that the government was given an opportunity to obtain an expert of its choosing to conduct a mental-health evaluation of Perez-Rives in the local community. The court also gave the government permission to renew its motion, with evidentiary support, if it either could

not find adequate professional resources in the local community to conduct the evaluation or otherwise had compelling reasons to commit Perez-Rives to the BOP.

## II. Analysis

Under 18 U.S.C. § 3552(b), a sentencing court has authority to order a study of a convicted defendant when it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." Studies ordered pursuant to § 3552(b) "shall" be conducted in the local community, unless at least one of two conditions are met: either "there is a compelling reason for the study to be done by the Bureau of Prisons or there are no adequate professional resources available in the local community to perform the study." 18 U.S.C. § 3552(b).

After the court granted the government an opportunity to obtain a local evaluation, the government filed a renewed motion for a psychiatric evaluation. *See* Renewed Motion for Psychiatric Examination (doc. no. 128). Despite being ordered to

provide "*an evidentiary showing* ... that there are no adequate professional resources available to conduct a mental-health evaluation in the local community or that there are compelling reasons for a BOP evaluation", *Perez-Rives*, 2018 WL 1315450 *4 (emphasis added), the government renewed its motion with only arguments, not evidence, that local resources are unavailable and compelling reasons warrant committing Perez-Rives to the BOP. The court nonetheless addresses each of the government's arguments below. For the reasons that follow, the court does not find any of the asserted reasons "compelling" for the purposes of § 3552(b) and will not order Perez-Rives to be committed to the BOP. Instead, the government is granted an opportunity to receive a local evaluation by Dr. Kale Kirkland, who it identified in its motion as an adequate local psychologist.

### a. Compelling Reasons

The government first argued that the nature of a BOP evaluation is a compelling reason to send the Perez-Rives to the BOP. In particular, it argued that a longitudinal evaluation at the BOP would provide extended time for the professionals to observe him; that the mental-health personnel at the BOP have a history of expertise; and that the independent nature of the BOP would make its evaluation more reliable than one by an expert hired by either side. These are essentially the same reasons the court rejected in its earlier order. At that time, the court reasoned: "the government has not argued, and the record does not support, that a longitudinal evaluation, rather than a locally performed assessment, is necessary due to specific aspects of Perez-Rives's condition or history." *Id.* at 3. This remains true today. The court further found these reasons to be "nothing more than generalizations," and that "[i]f a mere recitation of these reasons was sufficient under § 3552(b), the

5

court could send a defendant to the BOP at will, if not at whim." *Id.* at 4. These reasons remain generalizations, which are not compelling reasons for the court to send Perez-Rives to the BOP.

The government's second putative compelling reason is that "Perez-Rives' Due Process rights will not be violated by transferring him to the Bureau of Prisons." Renewed Motion for Psychiatric Examination (doc. no. 128) at 5. The court finds this reason perplexing: the *lack of a constitutional violation* is not an affirmative, compelling reason to commit a defendant to the BOP for an in-patient evaluation.

Due process is likely implicated when a defendant objects to being committed to a mental hospital. *See Vitek v. Jones*, 445 U.S. 480 (1980). Thus, if a court finds an acceptable reason to commit a defendant to the BOP for purposes of a § 3552(b) study, it must still determine whether doing so over the defendant's objection would violate his due-process rights. In other words, the due-process consideration is relevant

6

only after the court has found an acceptable § 3552(b) reason for committal.  Hence, even if the government could convince the court that Perez-Rives's due-process rights would not be violated by sending him to the BOP, the government first needs to establish an independent § 3552(b) reason for the study, which, as shown above and in the discussion that follows, the government has not done.

(In any event and for the reasons given above, the 'generalizations' offered by the government are inadequate to override Perez-Rives's due process objection to his commitment to a BOP facility.)

The government also argued that, because Perez-Rives is already in federal custody and faces a mandatory minimum sentence of two years incarceration, he will not spend any additional time in custody, or otherwise suffer a procedural detriment, as a result of sending him to the BOP. As support for this argument, it relied on *United States v. Piggott*, No. 2:14CR124-MHT, 2014 WL 6750513 (M.D. Ala. Dec. 2, 2014)

7

(Thompson, J.), a case where this court found a compelling reason to order a § 3552(b) study because the defendant had already been committed to a BOP facility pursuant to 18 U.S.C. § 4244 for an evaluation of whether he should be finally committed to a suitable facility for treatment in lieu of imprisonment. In that case, efficiency--both for the BOP and the court--satisfied the compelling reason requirement. In the instant case, committing Perez-Rives--who, unlike Piggott, is currently housed in the local jail--to a BOP facility is inefficient: it will substantially delay the instant proceedings. Further, the court finds no support for this reasoning in the statute, which requires a compelling reason to send the defendant to the BOP without mention of his custodial status. This is another instance where, if the court were to accept this reason, it would be able to send defendants--or at least defendants in custody--to the BOP for a § 3552(b) study whenever it so desired,

thereby eviscerating the statute's compelling-reasons requirement.

The final reason offered by the government is that "if the Bureau of Prisons conducts the evaluation, the Court will not have to pay for the evaluation." Renewed Motion for Psychiatric Examination (doc. no. 128) at 6. Someone still has to pay for the evaluation: the BOP as a part of its overall operating costs or the court as part of its authorized budget or the Justice Department as part of its authorized budget. Even if costs were an acceptable consideration, the court has no dollar figures before it and cannot say based on the current record how the issue should be weighed.

The court therefore finds none of the government's reasons compelling for the purposes of § 3552(b).

### b. Adequate and Available Local Resources

The government also argued that "there are no adequate professional resources available in the local

Community [sic] to conduct the evaluation." *Id.* at 7. If this were true, it would be sufficient to commit Perez-Rives to the BOP, as § 3552(b) requires *either* compelling reasons *or* lack of available and adequate local resources. However, the government provided no evidence to support this assertion. Rather, as support for this argument, it asserted that it had "reached out to Dr. Catherine Boyer in Auburn, Alabama, and Dr. Kale Kirkland, in Montgomery, Alabama, to see if either could assist the government" and, at the time of filing, it had "not received a response as to the availability of either doctor to conduct an evaluation." *Id.*

Understanding the government's position to be that an evaluation by Dr. Kirkland, a psychologist, would be adequate if available, the court contacted Dr. Kirkland to see whether he was available to perform the evaluation, and he agreed to evaluate Perez-Rives with the help of an interpreter.

\*\*\*

Thus, finding no compelling reason to commit Perez-Rives to the BOP, but having found a suitable local option, the court will provide the government an opportunity to receive an evaluation locally, by Dr. Kirkland.

* * *

Accordingly, it is ORDERED as follows:

(1) The government's renewed motion for a psychiatric evaluation (doc. no. 128) is granted to the extent it will be given the opportunity have a local evaluation of defendant Perez-Rives done by Dr. Kale Kirkland, a psychologist.

(2) If the government so requests within seven days from the date of this order, the court will enter the following order:

    (a) Dr. Kale Kirkland, of Central Alabama Psychology, P.C., 2571 Bell Rd., Montgomery, AL 36117, is appointed to perform a psychological evaluation of defendant Reinier Perez-Rives pursuant to 18 U.S.C. § 3552(b). Dr. Kirkland

is to conduct the necessary battery of tests to provide the court with the requisite information regarding his findings, opinions, and conclusions as to how the mental condition of Perez-Rives should affect the sentence, including but not limited to any recommendations for treatment that could address any identified mental-health conditions or issues.

(b) The government shall arrange for interpretive services to assist Dr. Kirkland in his evaluation of defendant Perez-Rives.

(c) If Dr. Kirkland judges it necessary for the examination and testing to occur at his office, the United States Marshal is to arrange for defendant Perez-Rives to be present for the tests and/or examination there.

(d) The government is to file any questions it would like Dr. Kirkland to ask or issues it would like Dr. Kirkland to address by [DATE].

(e) Dr. Kirkland is to file his report with the court by no later than [DATE]. He is also to provide copies to counsel for Perez-Rives and the United States.

(f) The Department of Justice shall have responsibility for the costs of said examination. *See* Guide to Judiciary Policy, Vol. 7, Pt. A § 320.20.20.

DONE, this the 19th day of April, 2018.

                         /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**